IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| CHARLES SOBY, | ) | |
| | ) | Civil Action No. 6:22-cv-01664-DCC-JDA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| FLUOR CORPORATION. and | ) | |
| FLUOR FEDERAL SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Plaintiff, by and through his counsel, W. Andrew Arnold, and files this complaint against Fluor Corp., and Fluor Federal Services, Inc. (hereinafter "Defendants") as follows:

## PARTIES

1. Plaintiff is a citizen and resident of Anderson County, South Carolina.

2. Defendant Fluor Corporation. is a corporation organized under the laws of Delaware, with its principal place of business in Greenville County, South Carolina, and is doing business in South Carolina.

3. Defendant Fluor Federal Services, Inc. is a Washington corporation doing business in Greenville County, South Carolina.

4. Defendants are an integrated employer that are commonly managed and that transfer assets and employees between various affiliates that are commonly financed and that provide common benefits.

1

## JURISDICTION

5. This Court has subject-matter jurisdiction arising under 28 U.S.C. § 1331 over the claims in this lawsuit because this case involves a federal question under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*.

6. This Court has personal jurisdiction because Defendants are doing business in in South Carolina and transacts business in South Carolina.

## VENUE

7. Venue is proper under 28 U.S.C. § 1391(b)(1), as the Defendants operate in this state; under § 1391(b)(2), as all events and omissions giving rise to the claims occurred in this district; and under 1391(b)(3), as Defendants are a corporation that is subject to personal jurisdiction in this district.

## FACTS

8. At all times relevant to this Complaint, Defendants have employed twenty (20) or more employees. Plaintiff was one of those employees until February 23, 2021, at which time he was terminated without legal cause and because of his age.

9. Plaintiff filed a timely charge of age discrimination with the Equal Employment Opportunity Commission. Plaintiff brings this action within ninety (90) days of receipt of the Notice of the Right to Sue.

10. Plaintiff is sixty-four (64) years old. He was employed for over 17 years in the Fluor Government Group/Mission Solutions Group. He also has over thirty (30) years of experience in the field of governmental accounting.

11. During the entirety of Plaintiff's employment with Defendants, he received no negative performance reviews.

12. In September of 2020, Mike Cepek, Executive Director for Defendants, replaced Plaintiff as Finance Director II with a substantially younger female employee with substantially less experience. Plaintiff was moved to a newly created position with no job description.

13. In February 2021, Plaintiff's new position was eliminated, and he was terminated.

14. When Plaintiff was informed of his removal from Finance Director II with responsibility for rate administration, Mr. Cepek indicated that since he and Plaintiff would be retiring in the next couple of years, changes were necessary to get the younger employee the rate experience she needed prior to their retirement.

15. Plaintiff had never indicated any desire to retire and had no plans to retire. Mr. Cepek presumed that Plaintiff would retire based solely on his age.

16. Plaintiff was sixty-two (62) years old at the time of his termination.

17. Plaintiff's age was a motivating factor in Defendants' decision to select Plaintiff for removal and termination.

18. Defendants' termination of Plaintiff caused Plaintiff damages, including lost wages and employment benefits.

19. Plaintiff is entitled to an award of damages, liquidated damages, and attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

a. Award Plaintiff all compensation and benefits due that were lost as a result of Defendants' discriminatory and intentional acts;

    b.    Award Plaintiff liquidated damages under the ADEA;

    c.    Award Plaintiff front pay for a reasonable period;

    d.    Award Plaintiff his attorneys' fees and costs; and

    e.    Award Plaintiff such other legal and/or equitable relief as this court may deem proper.

Respectfully Submitted,

**LAW OFFICE OF W. ANDREW ARNOLD, PC**

s/ W. Andrew Arnold
W. Andrew Arnold
Fed. ID. 5947
307 Pettigru St.
Greenville, SC 29601
864.242.4800
aarnold@aalawfirm.com
*ATTORNEY FOR PLAINTIFF*

May 26, 2022